IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Steven Scott, | ) | C/A No.:  6:10-2190-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Anthony Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Gary Steven Scott, is an inmate with the South Carolina Department of Corrections.  He brings this action pursuant to 28 U.S.C. Section 2254 challenging his 2002 State court conviction and sentence to life imprisonment.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2]  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a full recitation.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on July 28, 2011.  The petitioner filed timely objections which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

## PROCEDURAL HISTORY

Petitioner was indicted in the Dillon County Court of General Sessions in December 2000 for murder, armed robbery, and grand larceny.   At trial, the jury found him guilty and the court sentenced him to life imprisonment without parole.  He also received a 20-year consecutive sentence for armed robbery and five years concurrent for grand larceny.

### *Post Trial Proceedings*

The defendant/petitioner filed a direct appeal of his conviction and his counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  The South Carolina Court of Appeals dismissed the petitioner's appeal and granted counsel's motion to withdraw.  Petitioner's request for rehearing was subsequently denied, as well as his *pro se* petition for writ of certiorari with the South Carolina Supreme Court, with the remittitur being issued on June 21, 2005.

The defendant filed his first application for post conviction relief (PCR) raising various claims of ineffective assistance of counsel, insufficiency of the evidence, trial court error, subject matter jurisdiction, and due process and Miranda rights violations.  After an evidentiary hearing was held, the PCR judge denied the PCR finding that petitioner had failed to prove ineffective assistance of counsel and noting that the petitioner failed to present any evidence regarding the remaining allegations.

PCR counsel then filed a timely appeal of the PCR decision and also submitted a *Johnson* petition for writ of certiorari on August 26, 2008.  *Johnson v. State*, 294 S.C. 310 (1988).  The petitioner also filed a *pro se* brief alleging various errors of the PCR court.  The case was transferred to the Court of Appeals where certiorari was denied and the remittitur was issued on March 18, 2010.

STANDARD OF REVIEW

*Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

*Ineffective Assistance of Counsel*

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668,

687–692 (1984). The petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct of the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id*. at 689.  As the *Strickland* Court observed:  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . . *Id.* at 689.

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir.1990).

### The AEDPA and 28 U.S.C. § 2254

Petitioner filed his petition in this court on August 24, 2010.  Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1). It appears that the petition was filed within the one-year statute of limitations period.

The standard of review to be applied "is quite deferential to the rulings of the state

courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication:

> (1)     'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or
>
> (2)     'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)."

*Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

5

In his Report and Recommendation, the Magistrate Judge suggests that the petitioner's claims are without merit, and that the respondent's motion for summary judgment should be granted. The court has carefully reviewed the record and the petitioner's objections to the Report and agrees with the Magistrate Judge's reasoning and conclusions as discussed below.

PETITIONER'S GROUNDS FOR RELIEF

*Grounds 1 and 2*

Petitioner argues, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Edwards v. Arizona*, 451 U.S. 477 (1981), that his Fifth Amendment right to counsel was violated when, after invoking his right to counsel, police allegedly returned to question him. He also argues that he invoked his right to silence and this was simultaneously violated when police began to question him following his initial invocation of his right to counsel.

The Magistrate Judge provides an in depth review of the facts and standards of law before the trial court which had concluded that the post-invocation contact at issue did not amount to a further attempt to question the petitioner, but instead constituted an administerial function. The Magistrate Judge suggests that the state's ruling was not contrary to nor did it involve an unreasonable application of *Edwards* or its progeny. This court agrees and finds that petitioner is not entitled to relief on these claims.

*Ground 3*

The petitioner alleges insufficiency of evidence. As the Magistrate Judge notes, federal court review concerning sufficiency of evidence claims is sharply limited and relief is only available if no rational trier of fact could have found proof of guilty beyond a reasonable doubt. The Magistrate Judge properly concludes that the state court did not

unreasonably apply the facts in light of the evidence as presented in the state court and the petitioner's allegations are not enough to overcome the presumption of correctness, which must be overcome by clear and convincing evidence. In light of the fact that the petitioner confessed to beating the victim to death and other circumstantial evidence, there is evidence to support the petitioner's conviction. Accordingly, this ground for relief fails.

### Ground 4

Here, petitioner claims that appellate counsel was ineffective for filing an *Anders* brief because he contends that there were more than several issues properly preserved for appellate review. The PCR court determined that the court correctly determined that counsel's performance was not deficient under *Strickland* as there was no arguable issue of merit in the record. The Magistrate Judge properly suggests that the PCR court's determination was neither contrary to nor involved an unreasonable application of clearly established federal law.

### Ground 5

Petitioner argues that PCR appellate counsel (who was also his PCR counsel) was ineffective for failing to file a Rule 59(e) motion when the PCR court dismissed his PCR claims. As the Magistrate Judge correctly finds, ineffective assistance of PCR counsel is not a ground for habeas relief as petitioner has no right to collateral counsel and therefore, no right to effective assistance of collateral counsel. *See Pennsylvania v. Finley*, 469 U.S. 551, 557 (1987) (holding there is no federal right to assistance of collateral counsel) .

### Ground 6

In this ground, petitioner argues that his Fourth Amendment rights were violated when the police searched him without a warrant or probable cause, and found the victim's drivers

license and keys on his person.  The Magistrate Judge properly concludes that the petitioner is barred from receiving habeas corpus relief on a free-standing Fourth Amendment claim because the petitioner has already litigated the admissibility of the keys and driver's license in state court.  *See Stone v. Powell*, 428 U.S. 465, 493 (1976).

*Ground 7*

Here, the petitioner claims ineffective assistance of counsel when his trial attorney failed to investigate a previous incident of vandalism to the victim's car before her death, failed to object to the trial court's ruling regarding the issue of whether the petitioner or the police initiated contact, and failed to sufficiently challenge the trial court's ruling regarding the admissibility of the victim's keys and license.  The PCR court addressed those claims and found that trial counsel's performance was neither deficient nor prejudicial under *Strickland*. The Magistrate Judge opines that the PCR court's determination was neither contrary to nor involved an unreasonable application of clearly established federal law.

*Ground 8*

Petitioner last contends that the aggregate effect of his allegations have resulted in a denial of his due process.  The Magistrate Judge suggests that because no errors are at issue here, then cumulative error cannot apply.  This court agrees with the Magistrate Judge.

*The Petitioner's Objections to the Report and Recommendation*

The court made a careful de novo review of the petitioner's objections to the Report and determines that they are merely repetitive of those arguments raised in his original petition, and therefore, the objections are overruled.

CONCLUSION

For the foregoing reasons, the court adopts the Report and Recommendation and incorporates the same herein by reference. The motion by the respondent for summary judgment is granted (ECF No.22), and this action is dismissed with prejudice.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

September 30, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).